IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **BRANDON & CLARK, INC.**,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 5:24-cv-00173-H |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................1

ARGUMENT ........................................................................................................................................2

    I.     Brandon & Clark Will Not Suffer Prejudice Because of the Requested Stay ........................2

    II.    Judicial Efficiency Favors a Stay. .............................................................................................7

CONCLUSION .....................................................................................................................................8

i

# **TABLE OF AUTHORITIES**

**Cases**

*Heckler v. Chaney*,
  470 U.S. 821 (1985) ................................................................................................................ 3

*In re Davis*,
  730 F.2d 176 (5th Cir. 1984) .................................................................................................. 4

*Lincoln v. Vigil*,
  508 U.S. 182 (1993) ................................................................................................................ 3

*Newsome v. EEOC*,
  301 F.3d 227 (5th Cir. 2002) .................................................................................................. 3

*Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty. Texas*,
  6 F.4th 633 (5th Cir. 2021) .................................................................................................... 3

*Texas v. Garland*,
  No. 5:23-CV-034-H, 2024 WL 967838 (N.D. Tex. Feb. 27, 2024) ...................................... 5

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ................................................................................................................ 3

*United States v. Texas*,
  599 U.S. 670 (2023) ................................................................................................................ 3

**Statutes**

5 U.S.C. § 705 .............................................................................................................................. 3

**INTRODUCTION**

This case should be stayed pending resolution of the appeal in *Texas v. Garland*. A stay will not prejudice Brandon & Clark. During the proposed stay, Brandon & Clark will not incur any costs—of any kind—traceable to Defendants. By its own admission, Brandon & Clark has not spent any money on PWFA-related compliance efforts to date, *see* Compl. ¶ 43, ECF No. 1; Clark Decl. ¶¶ 6, 9, ECF No. 7, and there is no indication that it will do so imminently. And it will not confront any harm from EEOC-initiated investigations or enforcement related to the PWFA during the proposed stay. That is so because—in light of this Court's prior ruling in *Texas v. Garland* and the pending appeal—the EEOC will not take action against Brandon & Clark, such as issuing right-to-sue-letters, in connection with PWFA charges during the pendency of the appeal in *Texas v. Garland*.

Brandon & Clark's primary response is that it "must undertake compliance measures *now*," ECF No. 28 at 4 (emphasis in original), because the EEOC's commitment lasts only until the appeal is resolved and post-appeal investigations could pertain to earlier conduct. For that reason, Brandon & Clark says a preliminary injunction is warranted and a stay should not issue. That argument is flawed many times over. First, there is no reason to believe Brandon & Clark will incur compliance costs "*now*" because of investigations that could post-date the appeal, *id.*; after all, the PWFA took effect 15 months ago and the company has not yet spent even one dollar related to that law. There is no reason to credit the assertion—unsupported by any evidence—that the EEOC's decision not to take action against Brandon & Clark in connection with PWFA charges during the pendency of the *Texas v. Garland* appeal will somehow hasten Brandon & Clark's compliance activities. Second, Brandon & Clark fails to explain why a preliminary injunction would last longer than the duration of the EEOC's commitment, which extends through the pendency of the *Texas v. Garland* appeal. Third, to the extent Brandon & Clark is concerned that it could confront a PWFA-related lawsuit from an individual employee during the pendency of the *Texas v. Garland* appeal notwithstanding the fact that the EEOC

1

will not be issuing right-to-sue letters during that period, that concern would not be ameliorated by a preliminary injunction that would not enjoin the actions of third parties who are not before the Court. Whether to take certain compliance measures now to reduce the risk of a future suit by an individual employee is a choice for Brandon & Clark to make—and it is one that the company would confront even if the Court were to grant Plaintiff's pending motion. Brandon & Clark has already secured what it seeks from the Court because EEOC itself will not take action in connection with PWFA charges against the company during the pendency of the *Texas v. Garland* appeal. Accordingly, Brandon & Clark will not suffer any irreparable harm absent a preliminary injunction or any prejudice because of the requested stay.

A stay is also more efficient, both for the parties and the Court. In *Texas v. Garland*, the parties are currently filing their briefs in the Fifth Circuit, and more than a half-dozen amicus briefs have already been filed. Allowing the parties here to address the underlying claims at summary judgment with the benefit of full appellate review would simplify matters in this case. It could also obviate the need for jurisdictional discovery, which Defendants intend to seek before this case proceeds to summary judgment.

At bottom, there is no reason why this case needs to proceed while the *Texas v. Garland* appeal is ongoing. Brandon & Clark does not want Defendants to enforce the PWFA against it. That is precisely the position in which the company currently finds itself. Accordingly, the Court should deny (or hold in abeyance) Plaintiff's motion for preliminary relief and grant Defendants' motion for a stay.

## ARGUMENT

### I. Brandon & Clark Will Not Suffer Prejudice Because of the Requested Stay.

Brandon & Clark's response demonstrates that the company will not suffer any prejudice because of the proposed stay. That is because, during the period of the requested stay, the EEOC

2

will not action against Brandon & Clark regarding any PWFA charges filed against the company. Brandon & Clark offers no persuasive reason why that is insufficient to protect its interests.

First, to the extent Brandon & Clark is asserting that the EEOC's commitment[1] regarding PWFA charges filed against the company only extends through the time of the Fifth Circuit's decision in *Texas v. Garland*, *see* ECF No. 28 at 4, that is incorrect. The EEOC's handling of PWFA charges against the company extends throughout "the pendency of the *Texas v. Garland* appeal," ECF No. 26 at 7, and Defendants therefore requested a stay that will "remain in effect until resolution and exhaustion of appellate review in *Texas v. Garland*, following which the parties would propose a further briefing schedule," ECF No. 26 at 3. Accordingly, upon the decision of the Fifth Circuit panel, the EEOC will not "immediately begin" investigating PWFA charges or issuing right-to-sue letters because further appellate review remains possible. *See* ECF No. 28 at 4.[2] Brandon & Clark does not

---

[1] Brandon & Clark repeatedly refers to this commitment as an "offer." *See, e.g.*, ECF No. 28 at 4 n.3 ("Plaintiff does not doubt the sincerity of this offer"). It is not an offer; it is the current status quo.

[2] In a footnote, Brandon & Clark asserts that the EEOC might lack the discretion to determine when and how to enforce the PWFA. *See* ECF No. 28 at 4 n.3. In support, Brandon & Clark points to Defendants' argument that "5 U.S.C. § 705 does not allow an agency to postpone the effective date of an agency action that has already taken effect." *Id.* There is no conflict here. The EEOC is not delaying the effective date of a rule; instead, because of the pending appeal in *Texas v. Garland* and this litigation, it is exercising its discretion to determine whether and how to further investigate PWFA charges—beyond merely accepting them—that it receives against Brandon & Clark. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise."); *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) (similar); *see also United States v. Texas*, 599 U.S. 670, 678 (2023) ("'[T]he Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'" (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021)); *Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty. Texas*, 6 F.4th 633, 645 (5th Cir. 2021) ("[I]n the usual case, a court will lack legal standards to judge the validity of a decision not to enforce because such decisions are so intertwined with policy considerations."). *Cf. Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) ("the nature and extent of [an] investigation [by the EEOC] are discretionary"). EEOC recognizes, of course, that this Court's decision in *Texas v. Garland* prohibited EEOC from even accepting charges. Brandon & Clark has not asserted that it would be harmed by EEOC receiving charges and performing its statutory duty to accept them given the EEOC's commitment regarding further investigation and enforcement, including its commitment not to issue right-to-sue letters.

3

explain why this commitment is insufficient or why it expects a preliminary injunction would last any longer.

Brandon & Clark also claims to worry that Defendants will attempt to delay the *Texas v. Garland* appeal. *See id.* at 10 ("Because Defendants are a party to both cases, they have the ability to delay the case on appeal without Brandon & Clark, Inc.'s input."). But Brandon & Clark does not say how such a delay could cause it any prejudice. Indeed, it would have just the opposite effect, extending the period of time during which Brandon & Clark would be free of EEOC investigations or the issuance of any right-to-sue letters for PWFA charges.

This case is therefore unlike the Fifth Circuit decision cited by Plaintiff, *see id.* at 9 (citing *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984)), a case which involved whether to stay cases brought by asbestos workers, "many of whom allege[d] that they [were] dying from asbestosis" while the corresponding bankruptcy proceeding was allowed to unfold, *In re Davis*, 730 F.2d at 178; *see also id.* ("The grim reaper has called while judgment waits."). In that situation, the "hardship of a stay" was "substantial and, in some instances, permanent." *Id.* Not so here where any delays in *Texas v. Garland* will, if anything, continue to protect Brandon & Clark.

Second, Brandon & Clark maintains—notwithstanding that the EEOC's handling of PWFA charges filed against the company during the pendency of the appeal—that it must "undertake compliance measures *now*." *See id.* at 4 (emphasis in original). That fact, Brandon & Clark says, militates against a stay here. That argument is factually and legally flawed. There is no reason to believe that Brandon & Clark is on the verge of incurring compliance costs "now" or anytime soon. The PWFA took effect more than 15 months ago, and the company's declaration shows that it has not yet engaged in any compliance efforts and that it has no intention of doing so imminently. *See* Clark Decl. ¶ 6, ECF No. 7 (no formal policies in place regarding pregnancy-related accommodations); *id.* ¶ 9 (Brandon & Clark "will not change its policies" to comply with the PWFA's implementing

regulations "absent legal compulsion"); *see also* Compl. ¶ 43 ("*If* Plaintiff is subjected to the PWFA, it will incur" various costs) (emphasis added). Brandon & Clark offers no support for its counterintuitive suggestion that such compliance efforts must accelerate in light of the EEOC's current handling of any PWFA charges filed against the company.[3]

In its response, Brandon & Clark argues that the EEOC's commitment is inadequate because the company may one day—after resolution and exhaustion of appellate review in *Texas v. Garland*—be subject to PWFA investigations and enforcement actions and, accordingly, it must expend resources on compliance costs at some earlier date in an attempt to avoid such actions. The premise of Brandon & Clark's argument is that a preliminary injunction would avoid the need to incur these costs, and therefore would be superior to EEOC's commitment, because a preliminary injunction would provide protection indefinitely for all conduct taken (or not) while the injunction remains in effect. Brandon & Clark provides no support for that premise. And, as set forth below, EEOC's commitment provides at least as much protection for the company as would a preliminary injunction.

As to suits brought by private parties, Brandon & Clark would still be subject to potential liability even if a preliminary injunction issues. *See Texas v. Garland*, No. 5:23-CV-034-H, 2024 WL 967838, at *119 (N.D. Tex. Feb. 27, 2024) (explaining that the Court's order "does not prevent [an] employee from filing her own PWFA lawsuit against Texas" and contemplating "equitable exceptions to exhaustion"); *see also id.* (permitting defendants to send[] a written notice upon receipt of a PWFA claim against the State of Texas . . . to the claimant stating that, due to this Order, they are unable to accept the charge, investigate it, or issue a right-to-sue letter"). Indeed, as to potential suits by private

---

[3] In any event, and notwithstanding Brandon & Clark's assertion to the contrary, Defendants do not concede that "financial harm would be irreparable." *See* ECF No. 28 at 2. Defendants explained why various of the financial harms that Brandon & Clark identified would not constitute irreparable harm, even if they were adequately supported or sufficiently imminent (which they are not). *See* ECF No. 26 at 9-10 & nn. 5, 7.

5

parties, Brandon & Clark finds itself in the same position as it would if the Court entered a preliminary injunction: private parties will not have a right-to-sue letter, but they may still attempt to bring suit.

As to the Defendants themselves, Brandon & Clark does not explain why Defendants would be further restrained if a preliminary injunction issued. For any PWFA charges that it receives against Brandon & Clark, the EEOC will not take any action against the company during the pendency of the appeal in *Texas v. Garland*. Brandon & Clark has not identified anything more that would be necessary to prevent the company from harm during this time period. And if anything, as set forth above, Brandon & Clark appears to believe that this period could extend for a significant period of time. At the very least, Brandon & Clark does not explain why a preliminary injunction would be expected to be in effect longer or provide greater protection than that which flows from the EEOC's currently handling of PWFA charges against the company.[4]

Third, Brandon & Clark argues that a stay will cause it prejudice because this case, unlike *Texas v. Garland*, includes a challenge to the PWFA's implementing rule. *See* ECF No. 28 at 9. But Brandon & Clark's challenge to the PWFA's implementing rule simply alleges that the rule, which was not finalized until after entry of final judgment in *Texas v. Garland*, is *ultra vires* because the PWFA itself is unconstitutional. Compl. at Count III; *id.* ¶ 65 ("Because the entire PWFA is unconstitutional, including the section that authorizes EEOC's rule, EEOC no longer has 'statutory . . . authority' to issue or enforce the rule. EEOC's rule falls along with the statute."). Therefore, although it is technically accurate that Brandon & Clark's case involves an additional claim, that claim is entirely derivative of its Quorum Clause claims (Counts I and II) and the mere existence of Count III does

---

[4] This case is also unlike situations in which the government's enforcement posture is cited as a basis to moot out a claim. *See* ECF No. 28 at 4-5 (raising concern that permanent relief could be defeated by government declining not to enforce challenged law against plaintiff). Here, the government is not seeking to have the case dismissed; rather, it seeks a stay to conserve judicial resources during the pendency of the *Texas v. Garland* appeal, as discussed further below.

not make it any more likely that a stay would prejudice Brandon & Clark. Through the pendency of the appeal in *Texas v. Garland*, if a PWFA charge is filed against Brandon & Clark, the EEOC will not take action against the company. That is true whether the PWFA charge involves an aspect of the statute that the rule further explicates (for example, the definition of certain terms used in the statute) or not; for now, and during the entirety of the requested stay, Brandon & Clark is insulated from EEOC enforcement actions related to the PWFA generally, including (but not limited to) the implementing regulation specifically.

## II.    Judicial Efficiency Favors a Stay.

A stay is more efficient, both for the parties and the Court, than moving ahead with further proceedings in this case. In *Texas v. Garland*, the parties and amici are filing briefs regarding whether Texas's claim is justiciable and, if so, whether the PWFA was enacted in accordance with the Quorum Clause. Those are the only merits questions presented here. As noted above, while Brandon & Clark brings an additional claim regarding the lawfulness of the implementing regulation, the company's only basis for doing so is the underlying constitutionality of the PWFA. *See supra* at 5-6. Accordingly, the briefing in this matter would be greatly streamlined by allowing the appellate process to run its course.

A stay could also obviate the need for jurisdictional discovery. As previewed in Defendants' opening brief, *see* ECF No. 26 at 9 n.6, and in the parties' prior joint filing, ECF No. 21, Defendants anticipate seeking such discovery before this case proceeds to summary judgment. That discovery is expected to cover, among other topics, the various unsupported cost estimates found in Brandon & Clark's declaration. But there would be no need to take that discovery now if a stay is issued. And, if the government ultimately prevails on appeal in *Texas v. Garland*, that discovery would not be necessary at all.

7

Brandon & Clark faults Defendants for not adequately describing the hardship that they will confront if the Court denies their pending motion to stay. *See* ECF No. 28 at 9. But Defendants have already explained that a stay will save party resources—including those of the Defendants—in terms of discovery and briefing in this matter. A stay would also potentially avoid unnecessary appellate proceedings, which could include additional filings with the Fifth Circuit about the interaction between an appeal in this case and the pending appeal in *Texas v. Garland*. Given the lack of any prejudice to Brandon & Clark, the avoidance of this needless expenditure of resources by Defendants and the courts is sufficient to issue a stay here.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opening brief, the Court should deny or hold in abeyance Brandon & Clark's motion for a preliminary injunction and stay further proceedings until resolution and exhaustion of appellate review in *Texas v. Garland*.

Dated: September 19, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

*/s/ Michael J. Gaffney*
MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-2356
Email: michael.j.gaffney@usdoj.gov

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Michael J. Gaffney*
MICHAEL J. GAFFNEY (D.C. Bar No. 1048531)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

9