UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRANDON & CLARK, INC., § § *Plaintiff* § § v. § § EQUAL EMPLOYMENT § OPPORTUNITY COMMISSION; § CHARLOTTE A. BURROWS, § JOCELYN SAMUELS, KEITH E. § SONDERLING, ANDREA R. LUCAS, § AND KALPANA KOTAGAL, EEOC § COMMISSIONERS; KARLA § GILBRIDE, EEOC GENERAL § COUNSEL; UNITED STATES OF § AMERICA, § *Defendants*. § § | Civil Action No. 5:24-cv-00173-H Judge James Wesley Hendrix (presiding) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' POSITION ON CONVERTING THE MOTION FOR PRELIMINARY INJUNCTION AND RELIEF UNDER 5 U.S.C. § 705 INTO A MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendants claim that converting Plaintiff's motion for preliminary injunction and relief under 5 U.S.C. § 705 into a motion for summary judgment is improper because (1) they did not have adequate notice or time to raise certain arguments; and (2) they seek "jurisdictional discovery" as to Plaintiff's injury. However, neither of these arguments give a sufficient basis for the Court to deny converting the motion nor deny the converted motion for summary judgment.

**ARGUMENT**

**I. The Court is empowered to convert the motion, and Defendants had ample notice.**

Defendants first claim that converting the motion is procedurally improper. Although the Fifth Circuit has not adopted a legal standard for this practice, it has recognized the practice. *DeOtte v. Nevada*, 20 F.4th 1055, 1063 (5th Cir. 2021). So has this Court. *Brown v. United States Dep't of Educ.*, 640 F. Supp. 3d 644, 657 (N.D. Tex. 2022), *rev'd due to lack of standing*, 600 U.S. 551 (2023), ("If consolidation [under Rule 65(a)(2)] is appropriate, a district court may convert a plaintiff's preliminary-injunction motion into a motion for summary judgment."). Similarly, other courts have converted motions for preliminary injunction into motions for summary judgment without controversy. *See, e.g., Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990) (a court may convert a preliminary injunction into summary judgment based on the factual record at the preliminary injunction stage); *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983) (a court may convert a preliminary injunction into a permanent injunction without an

1

evidentiary hearing); *Socialist Workers Party v. Illinois State Bd. of Elections*, 566 F.2d 586, 587 (7th Cir. 1977), *aff'd other grounds*, 440 U.S. 173 (1979) (same).

Next, Defendants argue that they did not have proper notice and thus did not raise or preserve all its defenses. Yet Defendants were aware that Brandon & Clark, Inc. would seek conversion before they filed any substantive brief in this case. *See* Dkt. No. 21 at 1 ("Plaintiff informed Defendants it will seek to convert its motion for preliminary injunction into a motion for summary judgment.") (filed Aug. 12, 2024); Dkt. No. 22 at 1 (ordering Defendants to file its opposition on August 26 and its position on converting the motion for preliminary injunction by September 26) (issued Aug. 15, 2024). Defendants had a full and fair opportunity to contest any issues Plaintiff raised in what could be its converted motion for summary judgment.

## II. Defendants do not need additional discovery because there is no genuine dispute of material fact.

Defendants seek "jurisdictional discovery" as to Plaintiff's injury. But the facts they seek do not go to this Court's jurisdiction; they go to the merits.

Defendants claim they need additional discovery to determine if Brandon & Clark, Inc. has standing. But the undisputed facts in this case show Brandon & Clark, Inc. has satisfied Article III injury. First, Brandon & Clark, Inc. is an object of the regulation. *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 266 (5th Cir. 2015). Defendants have no basis to dispute that the Pregnant Workers Fairness Act applies to Brandon & Clark, Inc. Second, Brandon & Clark, Inc. demonstrated financial injury in the form of compliance costs. "For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" *Czyzewski v. Jevic Holding Corp.*,

580 U.S. 451, 464 (2017). *Czyzewski* cited *McGowan* v. *Maryland*, 366 U.S. 420, 430–431 (1961), which held a $5 fine is sufficient for standing. Defendants even admit that the PWFA will inflict $225 in compliance costs and $300 per accommodation. Defs.' Opp'n at 10. By Defendants' own admission, Brandon & Clark, Inc. will suffer an Article III injury. Thus the Court has jurisdiction to hear this case.

If Defendants do not need jurisdictional discovery, then their discovery will go to the merits. In its request to convert (Dkt. No. 34) Plaintiff demonstrated that there is no genuine dispute of material fact because the Defendants' compliance costs estimate also satisfies irreparable harm. In its reply brief (Dkt. No. 28) Plaintiff showed that the harm is imminent, even during Defendants' pause in investigations. This is because a pause could end at any time (based on the appellate courts' unknowable decision date) and Brandon & Clark, Inc. could be retroactively liable for noncompliance during the last 180 days of the pause period. Accordingly, Brandon & Clark, Inc. has shown imminent and irreparable harm absent injunctive relief. Thus, any additional discovery would have no bearing on the outcome of this case.[1]

---

[1] Defendants do not qualify for Rule 56(d) discovery because they have not filed an "affidavit or declaration" explaining why facts are unavailable to the nonmovant. Fed. R. Civ. P. 56(d).

Dated: October 1, 2024                          Respectfully submitted,

/s/ *Matthew Miller*
ROBERT HENNEKE
Texas Bar. No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar. No. 24076767
cweldon@texaspolicy.com
MATTHEW MILLER
Texas Bar. No. 24046444
mmiller@texaspolicy.com
ERIC HEIGIS
Virginia Bar No. 98221
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:    (512) 472-2728

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I electronically filed the forgoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Matthew Miller*
Matthew Miller